UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RONALD RAY AGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-173 |
| | ) | |
| UNIT MANAGER Z. FARRIE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court previously approved for service *pro se* plaintiff Ronald Ray Agan's 42 U.S.C. § 1983 Complaint. Doc. 14. Defendant Farrie appeared and answered. Doc. 20. The deadlines for discovery and motions practice remain pending. Doc. 21. Agan has filed a Motion seeking to amend his complaint, apparently to supplement his allegations concerning the injuries he suffered, additional time for discovery, copies of his pleadings, and "(10) subpoenas." Doc. 26. Defendant has responded indicating that he does not oppose the extension of the discovery deadline or the request for copies of his pleadings, but arguing Plaintiff's request

to amend his pleading is defective. *See* doc. 27. Defendant does not address Plaintiff's request for subpoenas. *See generally id.*

First, given that Plaintiff's request for a sixty-day extension of the pending deadlines is unopposed, that Motion is **GRANTED**. Doc. 26, in part. The Clerk is **DIRECTED** to enter an Amended Scheduling Notice extending the discovery, motions, and pretrial order deadlines by sixty days. *See* doc. 21. The expired deadline to amend pleadings remains unaltered, as discussed in more detail below. *See id.*

Second, the Defendant is correct that, as filed, Plaintiff's request to amend his pleading is defective. "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Although Plaintiff indicates that he seeks to amend to add allegations that the alleged use of excessive force has resulted in his suffering more serious seizures, *see* doc. 26 at 1, it is not entirely clear what he contends the significance of that addition would be. As the Defendant points out, depending on the asserted significance of the additional allegations, amendment might be futile. *See* doc. 27 at 3.

Given that Plaintiff signature-filed[1] his request to amend his pleadings several days before the now-expired deadline, *compare* doc. 21 at 1 (setting Jan. 19, 2025 deadline to amend pleadings), *with* doc. 26 at 2 (signed Jan. 15, 2025), the Court will not reject the Motion entirely. Instead, Plaintiff is **DIRECTED** to supplement his Motion to Amend by no later than February 21, 2025. His supplemental Motion should attach a copy of his proposed amended pleading. He is advised that any amended pleading will supersede the original, so the proposed amendment must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Defendant will then have the fourteen-day period provided by the Local Rules to respond to the supplemented request to amend. *See* S.D. Ga. LR Civ. 7.5. Any replies should comply with the Local Rules. *See* S.D. Ga. LR Civ. 7.6.

Agan's request for copies of filings in this case is **DENIED**. Doc. 26, in part. This Court does not provide free photocopying services to incarcerated plaintiffs, even if they are indigent. *See, e.g., Jackson v. Fla. Dept. of Fin. Servs.*, 479 F. App'x 289, 293 (11th Cir. 2012); *Evans v.*

---

[1] Pursuant to the "prison mailbox rule," a prisoner's submission is deemed filed on the date he submits it to prison authorities for mailing. *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). The Court presumes that a filing is submitted for mailing on the date that it is signed. *Id.*

*Roundtree*, 2021 WL 2792312, at *1 (S.D. Ga. June 24, 2021) (Hall, C.J.) ("Plaintiff is not entitled to free copies of Court records." (citation omitted)). As indicated in the Court's prior Order, he is free to request copies of filed documents from the Clerk at the cost of $0.50 per page. *See* doc. 14 at 14.

Finally, Agan's request for subpoenas is **DENIED**. Doc. 26, in part. The District Court for the Northern District of Florida has explained how Rule 45 applies to a *pro se* plaintiff:

> A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval. However, the Court will consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff . . . [and] the production sought by Plaintiff must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter relevant to a party's claim or defense" or any relevant information "reasonably calculated to lead to the discovery of admissible evidence." Pursuant to Fed. R. Civ. P. 45(c)(1), the Court has an obligation to ensure that a requested subpoena would not pose an undue burden or expense on the person responding to the subpoena.

*Wright v. Young*, 2012 WL 2945598, at *2 (N.D. Fla. July 18, 2012); *see also Alexander v. Cal. Dep't of Corrs.*, 2010 WL 5114931, at *3 (E.D. Cal. December 9, 2010) ("[T]he court's authorization of a subpoena duces tecum requested by an in forma pauperis plaintiff is subject to

limitations[,] . . . includ[ing] the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information."). Since Agan's request does not indicate the purpose of the requested subpoenas or to whom they would be directed, the Court is unable to conduct the required review. He remains free to request issuance of subpoenas, if he can make the showing required for the Court to approve them.

In summary, Agan's request to extend deadlines is **GRANTED**. Doc. 26, in part. His request to amend his pleading is **DEFERRED** and he is **DIRECTED** to supplement it as discussed above. *Id.* His request for copies of his filings is **DENIED**. *Id.* Finally, his request for issuance of subpoenas is **DENIED**. *Id.*

**SO ORDERED**, this 5th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA